## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**KEVIN MOORE**                                                                                          **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO.  1:19-cv-43-H**SO-JCG

**ACADIAN AMBULANCE SERVICE, INC.**
**AND JOHN DOE**
**DEFENDANTS A THROUGH F**                                                            **DEFENDANTS**

## COMPLAINT

## JURY TRIAL REQUESTED

This civil action for damages arises out of the injuries of Kevin Moore who was severely injured as a result of the negligence, gross, willful, and/or wanton negligence of the Defendants, all as will be more fully stated herein.

## VENUE AND JURISDICTION

1. This Court has venue of this action pursuant to Miss. Code Ann. §11-11-3, and the Long-Arm Statute.

2. This Court has subject matter jurisdiction of this matter pursuant to 28 U.S.C. 1332 in that there is complete diversity of citizenship between the parties, and the amount in genuine controversy is in excess of $75,000.00.

3. This action is brought under state statutory and common law negligence principles for the severally injured Kevin Moore, and is brought for the use and benefit of all persons entitled under the law to recover.

## PARTIES

4. Plaintiff, Kevin Moore, is an adult resident citizen of the state of Mississippi, residing in Jackson County, Mississippi at 22925 Hwy. 57, Vancleave, MS 39565.

5. Defendant, Acadian Ambulance Service, Inc. ("Acadian") is a foreign corporation with its principal place of business at 130 E. Kaliste Saloom Rd., Lafayette, Louisiana 70508, which may be served with process by service upon its registered agent, James Heidelberg at 711 Delmas Ave., Pascagoula, MS 39568.

6. John Doe Defendant A-Z are the owners or operators of any vehicle which caused and/or contributed to the accident and are the person or persons, firm or corporation who negligently caused or contributed to the accident that is the basis of this case and/or the injuries of Kevin Moore whose names and true identities are otherwise unknown at this time but who will be added by amendment when ascertained.

## ACTS OF AGENTS/EMPLOYERS/RATIFICATION

8. Each act or omission by each Defendant, in particularly, Acadian was committed by officers, managers, superintendents, supervisors, agents, servants, authorized representatives, or employees acting in their capacities as a principal or vice-principal while in the course and scope of their employment and/or with full authority of Defendants and/or such act was later ratified, approved, or adopted by each Defendant.

## FACTS AND BACKGROUND APPLIES TO ALL COUNTS AND ALL CLAIMS

9. On or about February 14, 2016, Plaintiff, Kevin Moore sustained personal injuries as being allowed to get out of the ambulance at a high rate of speed on Interstate 10 causing the Plaintiff to be hit by a car traveling on Interstate 10.

10. Plaintiff was being transported by Defendant, Acadian for suicidal thoughts to the

hospital, wherein the Plaintiff fell out of the back of the ambulance while traveling at a high rate of speed causing Plaintiff to be struck by a car traveling on Interstate 10 at a high rate of speed causing Plaintiff severe injuries.

11. That after the Plaintiff fell out of the back of the ambulance, the Defendant, Acadian did not return for the Plaintiff. Instead, the Ambulance left a high risk patient, with suicidal tendencies and serious mental/emotional issues, along the side of Interstate 10, a highly traveled and pedestrian unfriendly roadway, wherein he was almost immediately struck by a vehicle.

12. The Defendants were guilty of negligence and/or gross negligence and/or reckless disregard for the rights of others in one or more of the following respects:

    a. Failure to drive safely;

    b. Failure to adhere to the rules of the road;

    c. Failure to maintain safe driving habits;

    d. Failure to maintain control of the vehicle and control and safety of the passenger for which they were responsible;

    e. Operating the vehicle in a reckless fashion;

    f. Failure to comply with industry driving and safety standards;

    g. Negligence per se for the violation of applicable laws and regulations;

    h. Failure to respond properly to a customer who was in danger at the fault of Defendant;

    i. Failure to maintain proper control and management of customers riding in the vehicle.

      j.      Failure to supervise employees and require that employees act as a reasonably, prudent emergency carrier responding employees being fully aware of the danger of both his mental state and danger of the highway whereon he was struck;

      k.      Failure to train its employees; and

      l.      Failure to act reasonably in hiring and training drivers;

      m.      Failure to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe; and

      n.      Negligent supervision of employees;

      o.      Other acts and omissions which will be demonstrated at trial.

13.     The negligence of these Defendants set forth hereinabove combined and concurred to proximately cause the injuries suffered by Plaintiff.

## COUNT II

14.     The actions of the Defendants as set forth hereinabove in paragraphs 10-13 constitute gross negligence and demonstrates a reckless disregard by the Defendants for the Plaintiff and those similarly situated. Said actions were undertaken without regard for the rights of the Plaintiffs for which punitive damages are demanded and justified.

15.     That Plaintiff would show that the aforesaid negligence of Acadian proximately caused the accident and injuries of the Plaintiff. The Plaintiff would further show that as a direct and proximate result of the negligence of Acadian, the Plaintiff was caused to suffer severe and extreme physical pain and discomfort, both past and future; past and future medical bills, genuine mental and emotional pain and suffering; loss of income and wage earning capacity; permanent and disabling injuries, loss of enjoyment of life pleasures; and other

damages and injuries that may develop during the course of this suit.   That as a result Acadian is responsible for the Plaintiff's injuries.

## COUNT III

16.     The Plaintiff incorporates herein by reference all of the proceedings, facts and statements contained in all of the preceding paragraphs and incorporates same herein by reference.

17.     That as a result of the conduct of the Defendant, Acadian's employees and acting in the course and scope of their employment during the relevant times hereto, the Defendant, Acadian is liable under the Doctrine of Respondeat Superior. Furthermore, the Defendant, Acadian is guilty of negligent entrustment. .

18.     The Defendant Acadian is liable to the Plaintiff under the theory of negligent retention and hiring all employees responsible for the safety of Plaintiff.

19.     Also, the Defendant, Acadian is liable to the Plaintiff due to a negligent supervision of the employees who were responsible for Plaintiff's safety. .

20.     The negligence of the Defendant, Acadian set forth herein above combined and concurred to proximately cause the injuries suffered by the Plaintiff.

## **DAMAGES**

21.     The Plaintiff, Kevin Moore without any fault whatsoever on his part and wholly and solely through the negligence, carelessness, recklessness and negligence of the Defendants, their agents, servants and/or employees,  was caused to sustain severe, painful and permanent injuries.

       a.     Punitive damages in an amount to be determined by a jury in this case;

       b.     medical expenses, great pain and suffering, mental anguish and emotional

        distress, loss of wage-earning capacity and job market access, physical disability, impairment, inconvenience, loss of enjoyment of life, humiliation, hedonic damages, worry, and embarrassment.

    c.    Any and all damages allowed by law; and

    d.    Such other damages as will be shown at trial.

22.    Plaintiff Kevin Moore seeks recovery for past and future medical expenses, loss of wage-earning capacity, pain and suffering, mental anguish and emotional distress, physical disability, impairment, inconvenience, loss of enjoyment of life, humiliation, worry, embarrassment, and concern about economic insecurity.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Honorable Court award Plaintiff compensatory damages and punitive damages against these Defendants, jointly and severally in amounts that are just and equitable as proven by the evidence, such amounts being in excess of the jurisdictional limits of this Court including costs, reasonable attorney fees and pre- and post-judgment interest; and provide for such other and further relief in favor of the Plaintiffs as the Court shall deem just and equitable.

RESPECTFULLY SUBMITTED, this 11th day of February, 2019.

**KEVIN MOORE**

BY:/S/MATTHEW G. MESTAYER
ATTORNEY FOR PLAINTIFF

OF COUNSEL:
Vicki L. Gilliam, MSB No. 9493
The Gilliam Firm, PLLC
106 Town Square
Brandon, MS 39042
Tel: 601-488-4044
gilliam@gilliamfirm.com


Matthew Mestayer (MSB #9646)
REEVES & MESTAYER, PLLC
P. O. Drawer 1388
Biloxi, Ms 39533
Telephone:	228.374.5151
Facsimile:	228.374.6630
mgm@rmlawcall.com